FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN 10 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Information |
| *v.* | |
| TOMMY SHAD ENGLISH | No. 1:26-CR-00256 |

The United States Attorney charges that:

### Violation of the Export Control Reform Act
### (50 U.S.C. § 4819)

### Background

1. On August 13, 2018, the President signed into law the National Defense Authorization Act of 2019, which included the Export Control Reform Act ("ECRA"). See 50 U.S.C. § 4801 *et seq.* ECRA provided that "the national security and foreign policy of the United States require that the export, reexport, and in-country transfer of items, and specified activities of United States persons, wherever located, be controlled." 50 U.S.C. § 4811. To that end, ECRA granted the President the authority to "(1) control the export, reexport, and in-country transfer of items subject to the jurisdiction of the United States, whether by United States persons or foreign persons; and (2) the activities of United States persons, wherever located, relating to" specific categories of items and information. 50 U.S.C. § 4812. ECRA authorized the

Secretary of Commerce to establish the applicable regulatory framework. 50 U.S.C. § 4813.

2. It is unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation ECRA or of any regulation, order, license, or other authorization issued under ECRA. 50 U.S.C. § 4819(a)(1).

3. Under ECRA, the U.S. Department of Commerce ("DOC") reviews and controls the export and reexport of certain items, including commodities, software, and technology, from the United States to foreign countries through the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730–774. In particular, the EAR restricts the export of items that could contribute to the military potential of other nations or that could be detrimental to United States foreign policy or national security. The EAR imposes licensing and other requirements for items subject to the EAR to be lawfully exported from the United States or lawfully reexported from one foreign destination to another. "Export" is defined in the EAR to include an "actual shipment or transmission out of the United States." 15 C.F.R. § 734.13(a)(1). An export from the United States that transits through a country or countries on its way to a final destination in another country is deemed to be an export to the final destination country. 15 C.F.R. § 734.13(c).

4. The most sensitive items subject to EAR controls are identified on the Commerce Control List ("CCL"), 15 C.F.R. § 774, Supp. No. 1, and are categorized by an Export Control Classification Number ("ECCN"), each of

which has export control requirements depending on the destination, end use, and end user.

5. In October 2022, the EAR was amended to implement new controls on advanced computing integrated circuits ("ICs"), computer commodities that contain ICs, certain semiconductor manufacturing items, and certain graphic processor units ("GPUs"). *See* 87 Fed. Reg. 62186 (Oct. 7, 2022). The purpose of the new controls was "to protect U.S. national security and foreign policy interests by restricting the [People's Republic of China's] access to advanced computing for its military modernization, including nuclear weapons development, facilitation of advanced intelligence collection and analysis, and for surveillance."

6. At all times relevant to this Information:

    a. COMPANY-1 was a computer hardware and services company based in San Jose, California. Some of COMPANY-1's server products use computer chips manufactured by COMPANY-2.

    b. COMPANY-2 was a computer chip company based in Santa Clara, California. COMPANY-2 manufactures, among other things, GPUs. These GPUs can serve a variety of computing purposes, including for artificial intelligence.

    c. COMPANY-1 servers containing COMPANY-2 H100 GPUs were, as of October 2022 and at all times relevant to this Information, controlled on the CCL under ECCN 4A090.a, requiring a license for export to China.

## The Charge

7. From at least in or about May 2023, until at least in or about June 2024, in the Northern District of Georgia and elsewhere, the defendant, TOMMY SHAD ENGLISH, did knowingly and willfully attempt to export at least 600 COMPANY-1 servers containing COMPANY-2 H100 GPUs from the United States to China without having first obtained the required license from the U.S. Department of Commerce, in violation of Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Sections 736.2 and 764.2.

## Forfeiture

8. Upon conviction of the offense alleged in this Information, the defendant, TOMMY SHAD ENGLISH, shall forfeit to the United States of America, pursuant to Title 50, United States Code, Section 4819(d)(1), any property, used or intended to be used, in any manner, to commit, or facilitate the offense, constituting, or traceable to gross proceeds taken, obtained or retained in connection with the offense, and constituting an item or technology this is exported or intended to be exported in violation of the offense. The property to be forfeited includes, but is not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in this Information.

4

9. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to

seek forfeiture of any other property of the defendant up to the value of the

forfeitable property.

THEODORE S. HERTZBERG
*United States Attorney*

SAMIR KAUSHAL
*Assistant United States Attorney*
Georgia Bar No. 935825

JOHN A. EISENBERG
*Assistant Attorney General for National Security*

BRETT RUFF
*Trial Attorney*
*Counterintelligence and Export Control Section*
*National Security Division*

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181