# CRIMINAL INFORMATION – Waiver of Indictment

- **MAGISTRATE'S CRIMINAL MINUTES**
- **Initial Appearance**
- **Arraignment Hearing**

| | | | TIME IN COURT: 8 MINUTES |
|---|---|---|---|
| **Filed in Open Court:** | **Date: 6/10/2026** | **Start Time: 11:04 A.M.** | **Tape: FTR** |

MAGISTRATE JUDGE: **JOHN K. LARKINS III**          Courtroom Deputy Clerk: __Cynthia Mercado__

| Case Number: | **1:26-CR-256-VMC** | | Defendant's Name: | Tommy Shad English |
|---|---|---|---|---|
| AUSA: | Samir Kaushal | | Defendant's Attorney: | Emily Ward |
| USPO/PTR: | | | Type Counsel: ( ) FDP     ( ) CJA     (X) Retained |

## INITIAL APPEARANCE AND ARRAIGNMENT

| | | |
|---|---|---|
| | ARREST DATE: | |
| | INTERPRETER: | |
| X | INITIAL APPEARANCE HEARING HELD.                    Dft in custody?  (X) No     ( ) Yes | |
| | Defendant advised of right to counsel.    ( ) WAIVER OF COUNSEL filed. | |
| | | |
| | ORDER giving defendant | days to employ counsel (cc: served by Mag CRD) |
| X | INFORMATION filed. | X    WAIVER OF INDICTMENT filed. |
| X | Copy of Information given to dft? (X) Yes     ( ) No       Read to dft?  (X) Prior to Hrg  (X) Waived formal reading. | |
| X | ARRAIGNMENT HELD. | |
| X | Dft enters PLEA OF NOT GUILTY.     ( ) Dft stood mute; plea of NOT GUILTY entered. | |

## CASE ASSIGNMENT

| X | ASSIGNED to District Judge: | **CALVERT** | for trial, plea, sentencing proceedings. |
|---|---|---|---|
| | ASSIGNED to Magistrate Judge: | | for pretrial proceedings. |
| | Estimated trial time: | ( ) SHORT    ( ) MEDIUM    ( ) LONG | |

## BOND/PRETRIAL DETENTION HEARING

| X | BOND issued on 3/25/2026 by Judge Vineyard in case 1:26-MJ-315-JEM. |
|---|---|
| | BOND SET at    $            ( ) Non-Surety    ( ) Surety |
| | Bond Executed.   Defendant Released. |

## ORDER

Pursuant to the Due Process Protections Act, *see* Fed. R. Crim. P. 5(f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady; Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady and Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.